**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ANTHONY MCINTIRE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-25-CV-461-KC** |
| | § | |
| | § | |
| **CHARISMA EDGE,** *Warden***, FCI La Tuna,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Anthony McIntire, Federal Prisoner Number 43643-511, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His opposed petition is dismissed as moot.

## BACKGROUND

McIntire is a former federal prisoner who was confined at the La Tuna Federal Correctional Institution (FCI La Tuna) in El Paso County, Texas. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 43643-511, last visited May 5, 2026). He is no longer in custody as he was released by the Bureau of Prisons (BOP) on April 8, 2026. *Id*.

On August 22, 2024, McIntire sold 3.706 grams of cocaine to a confidential source working with federal, state, and local law enforcement agents in Lubbock, Texas. *Unites States v. McIntire*, 5:24-cr-113-H (N.D. Tex.), Factual Resume, ECF No. 271 at 2, 3. On August 24, 2024, McIntire was arrested and placed in pretrial detention. *Id*., Warrant for Arrest, ECF No. 52; *id*., Minute Entry, ECF No. 74. McIntire subsequently pleaded guilty to possession with the intent of distributing cocaine. *Id.*, J. Crim. Case, ECF No. 474. He was sentenced by a court in the Northern District of Texas to 24 months' imprisonment followed by three years' supervised release.

McIntire alleged in his petition that Respondent Chrisma Edge had failed to properly calculate his Good Time Credits ("GTCs"), First Step Act Earned Time Credits ("FTCs"), and

Second Chance Act "Credits," which were used to determine his projected release date. Pet'r's Pet., ECF No. 1 at 1. Specifically, he claimed that he was entitled to FTCs and noted he had not received any Second Chance Act "Credits." *Id.* at 1, 2. He asked the Court to issue an order directing Warden Edge to "properly provide all Good Time, First Step Act, and Second Chance Act Credits" to which he believed he was entitled. *Id.*

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## ANALYSIS

The Court finds that McIntire satisfied the jurisdictional "in custody" requirement of § 2241 when he filed his petition. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). But to maintain jurisdiction, the Court must have an actual case or controversy before it at all stages of the judicial proceedings to satisfy the requirements of Article III, Section 2, of the Constitution. *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Indeed, the Court is constrained to adjudicating "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). So, "[a] case becomes moot … when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v.*

2

*Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

McIntire's release from BOP custody may have mooted his § 2241 petition because the Court can no longer grant him the relief he seeks. Pet'r's Pet., ECF No. 1 at 10. Still, "the possibility that the district court may alter [McIntire's] period of supervised release pursuant to 18 U.S.C. § 3582(e)(2), if it determines that he has served excess prison time, [may prevent his] petition from being moot." *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). But even if McIntire had served a longer custodial sentence than he was supposed to, he is not entitled to "'automatic credit' as a means of compensation." *United States v. Jeanes*, 150 F.3d 483, 485 (5th Cir. 1998).

Additionally, McIntire did not seek a modification of his term of supervised release in his § 2241 petition. But even if he had sought such relief, the Court would not have the jurisdiction to modify the terms of his supervised release. This is because—absent a transfer of jurisdiction over a prisoner's term of supervised release—only the sentencing court has authority to modify the terms of a prisoner's supervised release. *See* 18 U.S.C. § 3601 ("A person who has been … placed on supervised release … shall … be supervised by a probation officer to the degree warranted by the conditions specified by the sentencing court."); *id*. § 3605 ("A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter ..."). Thus, this Court in the Western District of Texas—unlike the sentencing court in the Northern District of Texas—could not offer McIntire any further relief.

## CONCLUSION AND ORDERS

The Court concludes that McIntire's release from BOP custody mooted his § 2241 petition, notwithstanding his continued supervision, because the Court can no longer grant the relief he seeks in his petition. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released from his confinement"). The Court, therefore, enters the following orders:

**IT IS ORDERED** that Petitioner Anthony McIntire's "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITH PREJUDICE** as moot.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED this 6th day of May, 2026.**

**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**